# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is entered into severally by and between each of the persons listed on Exhibit 1 attached hereto (hereinafter, collectively and individually, "Potential Claimant(s)"), though their attorneys listed on Exhibit 1 ("Potential Claimants' Counsel"), and Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., Philips RS North America Holding Corporation, and Philips RS North America LLC f/k/a Respironics, Inc. (collectively, "Philips").

WHEREAS, Potential Claimants assert that they are evaluating whether to assert individual claims (the "Claims"), either on behalf of themselves or as legally authorized representative of a person, or the estate/representatives of the estate of a person, or as spouses, partners, or minor children of a Potential Claimant asserting derivative or related claims, for personal injuries, wrongful death, and/or economic injuries pursuant to common law and/or federal/state statutes against one or more of the Philips entities based on the purchase and/or use of one or more of the recalled Continuous Positive Airway Pressure ("CPAP") machines, Bilevel Positive Airway Pressure ("BiPAP") machines, and/or ventilators listed in Exhibit 2 hereto (the "Recalled Devices");

WHEREAS, Philips denies any responsibility or liability for the Potential Claimants' Claims, injuries, and/or damages or other relief;

WHEREAS, Philips seeks to give each of these Potential Claimants time to evaluate whether to assert Claims in litigation;

WHEREAS, MDL 3014 has been established in the U.S. District Court for the Western District of Pennsylvania for consolidated pretrial proceedings of litigation relating to the Recalled Devices;

WHEREAS, Philips and Potential Claimants (collectively, the "Parties" and each a "Party") agree that it is appropriate to defer litigation relating to the Recalled Devices; and

THEREFORE, the Parties, in consideration of the covenants set out in this Agreement, agree as follows:

1.      Any and all statute of limitations periods, prescription periods, and statute of repose periods related to a Potential Claimant's Claims against Philips shall be tolled during the time period commencing on and including the Effective Date (as defined below) for that Potential Claimant and continuing until this Agreement is terminated by any Party with respect to that Potential Claimant, or in its entirety (the "Tolling Period"). The Effective Date for a particular Potential Claimant is the later of: (a) the date that a Potential Claimant's Identifying Information— as defined in Paragraph 2 below, using the form attached as Exhibit 1—is provided by the Potential Claimant or Potential Claimant's Counsel to Philips' counsel by transmitting the information by email to PhilipsRSTolling_MDL3014@morganlewis.com, which emails shall be responded to with an automated acknowledgement of receipt; and (b) if Potential Claimant is represented by counsel, the date that Counsel for the Potential Claimant has entered this Agreement by submitting an executed copy by email to PhilipsRSTolling_MDL3014@morganlewis.com, which emails shall be responded to with an automated acknowledgment of receipt. With respect to (b), a Potential Claimant's Counsel need only sign this Agreement once, and such execution shall apply thereafter with respect to all of that counsel's clients who agree to this Agreement by providing Identifying Information as set forth in Paragraph 2 below. The Parties agree that, for any of Potential Claimants' Claims that are filed after the date this Agreement is executed, the Tolling Period shall be fully excluded from the computation of time with respect to any and all of Philips'

time-related defenses, including but not limited to those based upon a statute of limitations, prescription period, and/or statute of repose.

2.      The Identifying Information required to be provided on Exhibit 1 for a Potential Claimant to obtain tolling under this Agreement means the individual's name and address, birthdate, and the name, address, and email of their counsel if represented. The Parties will jointly request that the Court make this Agreement and its Exhibits available for download from the Court's website at https://www.pawd.uscourts.gov/mdl-3014-re-phillips-recalled-cpap-bi-level-pap-and-mechanical-ventilator-products-litigation.

3.      The form attached as Exhibit 1 may be supplemented by Potential Claimants' Counsel who have executed this Agreement by adding or deleting Potential Claimants. Each supplemental Exhibit 1 shall be dated and denominated alphabetically by that specific Potential Claimants' Counsel, for example Exhibit 1(a) for the first supplementation by that counsel, Exhibit 1(b) for the second supplementation by that counsel, and so forth. Each supplemental Exhibit 1 shall identify which Potential Claimants have been added and which Potential Claimants have been removed from the immediate prior version of Exhibit 1 for that specific Potential Claimants' Counsel. To ensure consistency and clarity in supplemental Exhibit 1s, all added Potential Claimants' names must be underlined or included in a separate sheet for this purpose (which may be provided in Microsoft Word or Excel format), and all removed Potential Claimants' names must be struck through or included in a separate sheet for this purpose (which may be provided in Microsoft Word or Excel format). The supplemental Exhibit 1s shall be served by the same email process and to the same email address as set forth in Paragraph 1, above.

4.      All Potential Claimants who are parties to this Agreement shall promptly provide Philips with their Recalled Device name and serial number unless they no longer have their

Recalled Device, though this provision is not a prerequisite to obtaining tolling under this Agreement.

5.      During the pendency of the Tolling Period, if Philips wishes to terminate a particular individual Potential Claimant from this Agreement, Philips must provide written notice to the applicable Potential Claimant's Counsel (or to the Potential Claimant if *pro se*) forty-five (45) days prior to the termination date, and if Philips wishes to terminate the entire Tolling Agreement with one particular law firm that is Potential Claimants' Counsel, or for more than one individual Claimant represented by a particular Potential Claimants' Counsel law firm, then Philips must provide written notice to the applicable Potential Claimants' Counsel ninety (90) days prior to the termination date. If Philips wishes to terminate this Agreement with any Potential Claimants' Counsel who represents more than five hundred (500) Potential Claimants, then Philips must provide written notice to the Potential Claimants' Counsel one hundred and twenty (120) days prior to the termination date, and if Philips wishes to terminate this Agreement with any Potential Claimants' Counsel who represents more than one thousand (1,000) Potential Claimants, then Philips must provide written notice to the Potential Claimants' Counsel one hundred and fifty (150) days prior to the termination date. Philips shall expressly state the date of termination in any written notice.

6.      Each Potential Claimant who is a Party to this Agreement agrees not to commence or continue litigation or another proceeding in any court or tribunal, including arbitration, against Philips during the pendency of the Tolling Period that applies to that person.[1] If a Potential Claimant wishes to terminate this Agreement and initiate litigation or other proceeding against

---

[1] If a Potential Claimant has already filed litigation or another proceeding as of the date of this Agreement, that Potential Claimant shall dismiss the Claims within 30 days of this Agreement.

Philips, that Potential Claimant must provide written notice to Philips' Counsel thirty (30) days prior to initiating such litigation or other proceeding, using the same email process and to the same email addresses as set forth in Paragraph 1, above. If a Potential Claimants' Counsel wishes to terminate this Agreement on behalf of all of that counsel's clients who are Potential Claimants, then that Potential Claimants' Counsel must provide written notice to Philips' Counsel seventy-five (75) days prior to terminating the Agreement and initiating such litigation or other proceeding, using the same email process and to the same email addresses as set forth in Paragraph 1. If a Potential Claimant initiates litigation or other proceeding without providing the prior written notice required by this paragraph, then Philips shall have an automatic extension of their time to answer or file a responsive pleading to that Potential Claimant's complaint of thirty (30) days, or in the case of a Potential Claimants' Counsel who terminates the Agreement for all of their clients without providing the required notice, of seventy-five (75) days. An individual Potential Claimant's termination of this Agreement as to him or her shall have no impact on the tolling of other Potential Claimants represented by that Potential Claimant's Counsel, and the Potential Claimant shall retain any Tolling Period that was applicable to him or her before the termination date.

7.      As of the date of the termination, as to any or all Potential Claimant(s), the Potential Claimant(s) being terminated from this Agreement shall have the longer of: (a) fourteen (14) additional days after the actual termination date; or (b) the remaining applicable statute of limitations (also taking into account any Tolling Period applicable to that Potential Claimant that was in effect prior to the termination date), in which to file suit, and the additional fourteen (14) days shall also be included in and added to the Tolling Period applicable to that Potential Claimant's Claims.

8.      The tolling of the applicable statute of limitations, prescription periods, and statute of repose is not intended to, and shall not for any purposes be deemed to, limit or adversely affect any defense, other than a statute of limitations defense, prescription defense, and/or a statute of repose defense, that Philips has, may have, or would have had in the absence of this Agreement. Nor does this Agreement waive or release any statute of limitations defense, prescription defense, or statute of repose defense that could have been asserted by Philips based upon the passage of time that occurred before the date the Tolling Period begins for a particular Potential Claimant. Upon completion of the Tolling Period, Philips will have all the defenses available to it as it had on the first day of the Tolling Period.

9.      Potential Claimants' Counsel and each Potential Claimant entering this Agreement agree that the entry of this Agreement does not confer personal jurisdiction in any U.S. courts over any of the Philips entities and will not contend that simply by entering this Agreement any of the Philips entities are subject to personal jurisdiction in any U.S. court with respect to any Claim.

10.     This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without reference to Pennsylvania's choice of law principles.

11.     Each undersigned representative of the Parties and any Potential Claimants' Counsel appearing on Exhibit 1 certifies that he or she is authorized to enter into this Agreement on behalf of the Party(ies) and/or Claimant(s) that he or she represents.

IT IS HEREBY AGREED:

John P. Lavelle, Jr.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
T 215.963.5000
john.lavelle@morganlewis.com

Date: February 4, 2022

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Center, 32nd Floor
Pittsburgh, PA 15219-6401
T 412.560.3300
wendy.feinstein@morganlewis.com

*Counsel for Philips RS North America, LLC*

DocuSigned by:

*William B. Monahan*

―――――――――――――――――――――
9FF71D43B77748E...

William B. Monahan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
T (212) 558-7375
monahanw@sullcrom.com

Date: February ⁴, 2022

Michael H. Steinberg
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067
T (310) 712-6670
steinbergm@sullcrom.com

*Counsel for Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and
Philips RS North America Holding Corporation*

EXECUTED AND AGREED TO BY:

―――――――――――――――――――――

Name:
Law Firm:
Address:
City, State, Zip:
Telephone:
Email:

Date: ―――――――――――――――――

**EXHIBIT 1**
**List of Potential Claimants Subject to Tolling**
**(use more pages as necessary)**

| No. | Potential Claimant's Name & Address | Potential Claimant's Counsel (include Name, Firm, Address, & Email for primary attorney | Potential Claimant's Date of Birth | Device Name & Serial Number |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |
| 16 | | | | |
| 17 | | | | |
| 18 | | | | |
| 19 | | | | |
| 20 | | | | |
| 21 | | | | |
| 22 | | | | |
| 23 | | | | |
| 24 | | | | |
| 25 | | | | |
| 26 | | | | |
| 27 | | | | |
| 28 | | | | |
| 29 | | | | |
| 30 | | | | |
| 31 | | | | |
| 32 | | | | |
| 33 | | | | |
| 34 | | | | |

# EXHIBIT 2

## Recalled Devices

The following is a list of the Recalled Devices as defined in the Tolling Agreement.

### CPAP and BiPAP Devices

| All Devices Manufactured Before April 26, 2021 All Serial Numbers | |
|---|---|
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • E30 |
| Continuous Ventilator, Non-life Supporting | • DreamStation ASV<br>• DreamStation ST, AVAPS<br>• SystemOne ASV4<br>• C-Series ASV<br>• C-Series S/T and AVAPS<br>• OmniLab Advanced+ |
| Noncontinuous Ventilator | • SystemOne (Q-Series)<br>• DreamStation<br>• DreamStation Go<br>• Dorma 400<br>• Dorma 500<br>• REMstar SE Auto |

### Ventilators

| Device Type | Model Name and Number (All Serial Numbers) |
|---|---|
| Continuous Ventilator | • Trilogy 100<br>• Trilogy 200<br>• Garbin Plus, Aeris, LifeVent |
| Continuous Ventilator, Minimum Ventilatory Support, Facility Use | • A-Series BiPAP Hybrid A30 (not marketed in US)<br>• A-Series BiPAP V30 Auto |
| Continuous Ventilator, Non-life Supporting | • A-Series BiPAP A40<br>• A-Series BiPAP A30 |

**Trilogy Evo Ventilator**
**Repair kits for Trilogy Evo muffler assembly\***

| Device Type | Model Name and Number |
|---|---|
| Trilogy Evo Ventilator<br><br>Repair kits for Trilogy Evo muffler assembly | <ul><li>Trilogy Evo ventilator model numbers with certain serial numbers as listed in the recall database:<br>DS2110X11B<br>KR2110X15B (not distributed in the U.S.)</li><li>Repair kits for Trilogy Evo muffler assembly model and lot numbers as listed in the recall database:<br>Part number 1135257<br>Lot numbers between 210414 and 210524</li><li>Manufacturing Dates: April 15, 2021 to May 24, 2021</li><li>Distribution Dates: April 15, 2021 to May 24, 2021</li></ul> |